# CASES

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM 1909-1910

## Guilford & Deal *v.* Western Union Telegraph Co.

*Failure to Deliver Telegram.*

(Decided June 10, 1909.   50 South. 112)

*Telegraphs and Telephones; Messages; Failure to Deliver; Special Damages.*—Where a message was sent directing the sendee to unload a carload of brick, and no reference was made in the telegram that would put the company on notice of the existence of any contract between the sender and the sendee, for the sale of 150,000 additional brick, and there was no evidence that such fact was communicated to the agent of the telegraph company, the failure to deliver the telegram cannot be said to be the proximate cause of the loss of the contract, it being collateral circumstances of a special nature to the contract with the company to transmit the message, and hence, recovery cannot be had in this action for damages for loss of the contract.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Guilford & Deal against the Western Union Telegraph Company for damages for failure to deliver telegram. Judgment for defendant, and plaintiffs appeal. Affirmed.

The facts are sufficiently stated in the opinion. The oral charge of the court, excepted to, is as follows: "That if, before the sending of the message in question, the plaintiffs and the sendee of the message made a contract for the sale and purchase of 150,000 brick, condi-

tioned upon the sendee being able to get the car of brick then at Sampson at once, or within a few days, then such contract constituted special facts or circumstances which, in order for the plaintiffs to recover of the defendant for any breach of the contract to deliver the telegram introduced in evidence, by reason of any depreciation in the market value of the brick after the sending of a message, and before they were able to make sale of 150,000 brick should have been communicated to the agent of the defendant at the time of sending said message; and as there is no evidence in this case that such communication was made by the plaintiffs, or any one of them to the agent of the defendant receiving the telegram for transmission, the plaintiffs are not entitled to recover any damage for any loss sustained by them in the value of 150,000 brick." There was a recovery of $39.90 as to the car of brick not delivered.

W. L. Lee, for appellant.—Liability of the telegraph company for damages does not depend upon the knowledge that the operator might have of the contents of the message.—*Dougherty v. Am. Union Tel. Co.*, 75 Ala. 168; s. c. 89 Ala. 191; *W. U. Tel. Co. v. Way*, 83 Ala. 542. The loss of the sale of 150,000 brick flows directly and naturally from the breach of the contract.—*W. U. T. Co. v. Crawford*, 110 Ala. 460; *W. U. T. Co. v. Bowman*, 141 Ala. 175; *Southern Ry. Co. v. Coleman*, 44 South. 838, and cases supra. The words, "everything O. K." are sufficiently broad to put the company on notice of the existence of the contract, even if the damage claimed be special.—Authorities supra, and *Pilcher v. Central of Ga. Ry. Co.* 46 South. 765.

Espy & Farmer, for appellee.—The court did not err in its instruction as to the measure of damages.—27

[Guilford & Deal v. Western Union Telegraph Co.]

A. & E. Ency of Law, 1059; *Southern Ry. Co. v. Coleman*, 44 South. 838; *Pilcher v. Cent. of Ga.*, 46 South. 766; *W. U. T. Co. v. Pearce*, 34 South. 154. The contract for the sale of other brick was collateral and remote.— *Swift v. Warehouse Company*, 86 Ala. 294; *Burton v. Henry*, 90 Ala. 281; *Nells v. Hill*, 85 Ala. 583. These damages should have been specially claimed.— *Boggan v. Bennett*, 102 Ala. 400; *Dowdell v. King*, 97 Ala. 226.

DOWDELL, C. J.—This is an action for damages for failure to deliver a telegraphic message. The evidence showed that the message related to a car of brick, and was as follows: "7-27-07. To A. C. Crawford, Sampson, Ala.: You can unload brick, everything O. K. Unload Monday. Guilford & Deal." In addition to this particular car load of brick, for which damages are claimed on account of the loss of sale of same to Crawford by reason of the nondelivery of the telegram, the plaintiffs claimed damages in the loss of the sale of 150,000 other brick which Crawford had agreed to purchase of them conditionally upon his getting the particular car load. The only error assigned on the record is based on exception reserved to a certain part of the court's oral charge to the jury, set out in the record, and which related to the measure of damages recoverable under the facts of the case.

No reference is made in the telegram to the sale of 150,000 brick that would put the defendant company on notice of the existence of any such contract between plaintiff and Crawford, nor is there any pretense in the evidence that such fact was communicated to the agent of the telegraph company. These were special circumstances collateral to the contract with the company in the transmission of the message. and unless known or

communicated to the defendant, or its agent, could not be made the basis of special damages for the nondelivery of the telegram in question. This principal finds support in the case of *Daughtery v. Am. Tel Co.*, 75 Ala. 168, 51 Am. Rep. 435, and 89 Ala. 191, 7 South. 660, and in *W. U. T. Co. v. Way*, 83 Ala. 542, 4 South. 844, cited by counsel for appellant. The part of the oral charge of the court, excepted to, correctly stated the law under the undisputed evidence as to recoverable damages.

This being the only question in the case, and there being no error shown, the judgment is affirmed.

Affirmed.

SIMPSON, MAYFIELD and SAYRE, JJ., concur.

*Failure to Deliver Telegram.*

