[Western Union Telegraph Company v. Bennett.]

# Western Union Telegraph Company v. Bennett.

## Failure to Deliver Telegram.

(Decided Nov. 29, 1911. 57 South. 87.)

1. *Telegraphs and Telephones; Negligent Delivery; Damages; Mental Anguish.*—A husband suffering mental anguish from the failure of the father of his wife to be present at the funeral services of the wife on account of the negligence of the telegraph company in transmitting the death message to the wife's father stating the time of the funeral, may recover therefor.

2. *Same.*—The evidence examined and held to require a submission to the jury of the question whether the husband suffered mental anguish on account of the absence of his wife's father from the funeral.

3. *Same; Notice of Relationship.*—A message by a husband announcing the wife's death and the time of the funeral is notice to the telegraph company of a relationship between the husband and the sendee of the telegram.

4. *Same; Evidence.*—Evidence that the telegram delivered by a telegraph company to the sendee was not a copy of the telegram which the sender delivered to it for transmission is prima facie proof of the negligence of the company.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by R. E. Bennett against the Western Union Telegraph Company for damages for negligence in the transmission of a death message. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE H. FEARONS, CAMPBELL & JOHNSTON, and W. C. DAVIS, for appellant. Mental suffering is not recoverable under the facts in this case.—*W. U. T. Co. v. Ayres,* 131 Ala. 391; *Same v. Haley,* 143 Ala. 586; *Same v. Peagler,* 163 Ala. 38; 15 L. R. A. (N. S.) 277; 19 L. R. A. (N. S.) 374; 54 S. W. 829; 41 S. W. 469; 30 S. W. 986; 30 S. W. 298; 34 S. W. 649; 39 S. W. 798;

[Western Union Telegraph Company v. Bennett.]

2 L. R. A. 766; 31 S. W. 493; 57 S. E. 757; 75 S. W. 482; 87 S. W. 788. On these authorities it is insisted that the complaint did not show that relationship which would inform the company, and hence, be the basis for mental anguish, and that therefore, the charges requested and refused should have been given.

A. F. FITE, for appellee. No question was raised of the right to recover because the action is in tort as the complaint and the proof both show injury in estate.—*Blount v. W. U. T. Co.*, 126 Ala. 107; *W. U. T. Co. v. Rowell*, 45 South. 78; *Same v. Saunders*, 51 South. 177. The mistake in the message when delivered, made out a prima facie of negligence.—4 Am. Rep. 673; 16 Am. Rep. 437; 20 Am. Rep. 645; 24 Rep. 279; 41 Am. Rep. 500; 54 S. W. 627. There can be no question of the right to recover mental anguish as damages under the facts in this case.—*W. U. T. Co. v. Crocker*, 135 Ala. 496; *W. U. T. Co. v. Saunders, supra*. The message was sufficient to charge the company with notice of the close relationship existing between the parties.—*Postal T. Co. v. Beal*, 159 Ala. 252; *Lay v. W. U. T. Co.*, 54 South. 531, together with the cases cited by appellant. The question of whether or not mental anguish was suffered was one for the jury, and the court did not err in the admission of evidence.— *W. U. T. Co. v. Benson*, 159 Ala. 274; *Hancock v. W. U. T. Co.*, 69 L. R. A. 405. The original message was properly admitted in evidence.—*Collins v. W. U. T. Co.*, 41 South. 160. On these authorities the written charges requested were properly refused.

DE GRAFFENRIED, J.—This was a special action of trespass on the case which was brought by appellee against appellant for the alleged negligence of appel-

lant in the transmission of a telegram, and by reason of which negligence it is alleged in the complaint the appellee was damaged. The appellee resides in Columbus, Miss., and on July 5, 1907, his family, consisted of himself, his wife, and three or four children of tender age, the youngest child being then only three or four months old. H. K. Caddell was the father of appellee's wife, and on July 5, 1907, he resided at Winfield, Ala. On said day the wife of appellee, who had been seriously sick for about six weeks, died. Her father and one of her sisters visited her during her illness, but left Columbus and returned to Winfield, Ala., about 10 days before her death. When Mr. Caddell left Columbus, he requested appellee to keep him informed as to his daughter's condition, and to wire him in the event of her death. Neither appellee nor his wife had relations living in Columbus, Miss., except their children, and when the wife was buried none of the relatives were present with appellee at the funeral.

When his wife died, appellee, wishing her father to know about her death, and also desiring his presence at the funeral, requested R. E. Cheatham to wire his said father-in-law at Winfield, Ala., that his wife was dead and also the time when she would be buried. Acting under said instructions, Cheatham delivered to appellant a telegram for transmission to Caddell at Winfield, which, when he delivered it to appellant, read as follows: "July 5, 1907. To H. K. Caddell, Winfield, Alabama. Mrs. R. E. Bennett just died. Will be buried *to-morrow* eve. R. E. Cheatham for R. E. Bennett."

Appellant undertook to transmit and deliver the telegram to Caddell |at Winfield, 'and appellee paid to appellant 25 cents, its customary charges, for so doing. The telegram was transmitted to Winfield and

there delivered to said Caddell at 5 o'clock on the afternoon of July 5th, in ample time for him to have reached Columbus the next morning, but too late for him to reach there on *that* day. When the telegram was delivered to Mr. Caddell it read as follows: "July 5, 1907. To H. K. Caddell, Winfield, Alabama. Mrs. R. E. Bennett just died. Will be buried *to-day* eve. R. E. Cheatham for R. E. Bennett."

A mistake was made by the servants of appellant in transmitting the message, in that the words "to-morrow eve" were changed to the words "to-day eve," and as the telegram was received too late for Caddell to reach Columbus on the 5th, and as he naturally presumed that his daughter would be buried on that day, he did not attempt to go to Columbus or to attend the funeral. The evidence tends to show that but for the above mistake made by the servants of appellant in the transmission of the telegram, Caddell would have been present at his daughter's funeral.—*Western Union Telegraph Co. v. Snell, Infra,* 56 South. 854.

1. When a man's wife dies, if he is a normal man, his thoughts turn, naturally, to *her* people, for it is her people, next to himself, who are most afflicted by her death. The wife's mother appears to have been dead, and this telegram was sent to her father, who, next to her husband and her children, stood most closely to her, and who, by reason of his own grief, would have been the most natural person in the world to have given sympathy and comfort to the husband in his sorrow. He was the father-in-law of the husband, the grandfather of his children, and, if the husband was a normal man, he entertained for Caddell an affection and veneration second only to that in which he held his own parents. The relationship of the parties was such as to warrant the recovery of damages for mental

suffering if, by reason of appellant's negligence, the father-in-law failed to attend the funeral, and the appellee was thereby denied the comfort of his presence. —*Western Union Telegraph Co. v. Crocker,* 135 Ala. 496; 33 South. 45, 59 L. R. A. 398; *Western Union Telegraph Co. v. Saunders,* 164 Ala. 234, 51 South. 177, 137 Am. St. Rep. 35.

It was, under the facts in this case, for the jury to say whether the appellee suffered mental pain because of the absence of his father-in-law at the time of the funeral.—*Western Union Telegraph Co. v. McMorris,* 158 Ala. 573, 48 South. 349; 132 Am. St. Rep. 46.

2. The appellant contends that, as the evidence fails to show that appellee when he delivered the telegram to appellant for transmission disclosed to it that the sendee was his father-in-law, appellee is not entitled to recover for his mental suffering caused by its error in transmitting the telegram and the absence of the father-in-law occasioned thereby.

We do not regard the question which the appellant thus seeks to present as an open one in Alabama. We think that the decisions of our Supreme Court are clearly to the effect that when a telegram is sent announcing serious illness or death, and the relationship, by blood or marriage, between the sender and the sendee is such as to warrant the recovery of damages for mental suffering, on account of such relationship, caused by negligence in the transmission or delivery of such telegram, the sender may recover for mental suffering occasioned by reason of such negligence, whether the relationship is disclosed or not.—*Western Union Telegraph Co. v. McMorris,* 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46.

It seems that in those jurisdictions where the rule above announced does not obtain, the *sendee* may always recover for mental pain or suffering occasioned

by neglect in the transmission or delivery of such a telegram sent him by his agent. In all the states, it is held that the telegram shows its importance, and the fact that it is addressed to the sendee is sufficient evidence to the telegraph company of the near relationship of the sendee to the sick or dead person to notify it that mental pain or suffering will probably result to the sendee by reason of neglect in transmitting or delivering such a telegram. Under the facts in this case, we are inclined to the opinion that in those jurisdictions in which the rule invoked by appellant obtains, the appellee in this case would be held to be entitled to recover. The appellant was, under the decisions of *all* the states, charged with knowledge of the fact that Caddell was *her* near relative. The telegram shows on its face that its sender was the *husband* of the dead woman and as appellant therefore knew that the telegram was sent by the husband of the deceased to one of *her* near relatives, we are of the opinion that there was sufficient evidence in possession of appellant at the time the telegram was delivered to it for transmission, to have put it on inquiry as to the real relationship between the sender and the sendee of the telegram.—*Western Union Telegraph Ca. v. Benson,* 159 Ala. 254, 48 South. 712.

4. A prima facie case was made out by appellee, so far as the negligence vel non of appellant was concerned, when his evidence disclosed the fact that the telegram delivered to Caddell was not a copy of the telegram which appellee delivered to it at Columbus to be transmitted to Caddell. 4 Mayfield's Dig. p. 935.

We have above discussed all of the assignments of error in this case which appear to us to possess merit, and we find no error in the record.

The judgment of the court below is affirmed.

Affirmed.