# Western Union Telegraph Co. *v.* Reed.

### *Failure to Correctly Transmit Message.*

(Decided Dec. 19, 1911.   57 South. 83.)

1. *Damages; Breach of Contract; Measure.*—The damages that are recoverable for a breach of a contract are such as are the natural and proximate result of the breach which may have been reasonably anticipated by the parties at the time of the making of the contract; such damages as may not have been reasonably expected to result from a breach are not recoverable, unless the particular facts giving rise to such damage were known at the time of making the contract.

2. *Telegraphs and Telephones; Transmission; Breach; Damages.*—The damages recoverable for a breach by a telegraph company of a contract to properly transmit and deliver a message are such as naturally and proximately result from the breach in the usual course of things, whether actually contemplated by the parties or not; damages suffered by reason of special circumstances are not recoverable unless known at the time of the making of the contract.

3. *Same.*—Where as a direct result of the negligence of a telegraph company in transmitting a message, the message of itself, or the facts connected with the sending being sufficient to inform the company that a failure to transmit might proabbly result in the making of a trip which would not otherwise have been taken, the sendee was entitled to recover for expenses of making a trip or of someone who made it for him, which would not have been necessary except for the breach of duty in improperly transmitting the message.

4. *Same.*—The facts in this case examined and held not to render the telegraph company liable in damages for the traveling expenses incurred by the sendee, but liable only for the amount paid for the transmission of the message.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Prestiss B. Reed against the Western Union Telegraph Company, for damages for failure to

correctly transmit a message. Judgment for plaintiff and defendant appeals. Reversed and rendered.

GEORGE H. FEARONS, RAY RUSHTON, and H. F. CRENSHAW, for appellant. The court below erred in rendering judgment for the travelling expenses and lost time claimed by plaintiff as such damages were not the natural and proximate result of the breach of the contract, were not within the contemplation of the parties at the time the contract was made, as the probable result of the breach, and hence, not recoverable.— *Daugherty v. A. M. U. T. Co.*, 85 Ala. 168; s. c. 89, Ala. 186; *W. U. T. Co. v. Way*, 83 Ala. 542; *W. U. T. Co. v. Peagler*, 163 Ala. 38; *Same vs. Jackson*, 163 Ala. 16; *Guilford & Deal v. W. U.T. Co.*, 163 Ala. 1; *So. Ry. Co. v. Coleman*, 153 Ala. 266; *So. Ry. Co. v. Webb*, 143 Ala. 304; *Smith v. W. U. T. Co.*, 4 Am. St. Rep. 126; *Fitch v. W. U. T. Co.*, 130 S. W. 45; *Poteet v. W. U. T. Co.*, 55 S. E. 113; *Hadley v. Baxendale*, 9 Ex. 341. Counsel discuss the actions of the court in overruling motion for new trial.

JOHN S. TILLEY, for appellee. Expense and loss of time are elements of damage.—13 Cyc. 22; 2 Thompson Neg. 9988; *W. U. T. Co. v. Patton*, 55 S. W. 973; 27 A. & E. Enc. of Law, p. 1071; *Daugherty v. A. U. T. C.*, 75 Ala. 175. The damages here claimed are proximate and direct.—*W. Ry. Co. v. Mutch*, 97 Ala. 194; 1 Cooley on Torts, 101. The defendant is certainly liable for its wrongful acts.—*A. G. S. v. Yarbrough*, 83 Ala. 241; *Armstrong v. Mont. St. Ry.*, 123 Ala. 250. For cases in point, and similar in fact, see *Sprague v. W. U. T. Co.*, 67 N. Y. 290; *N. C. R. R. Co. v. O'Connor*, 16 L. R. A. 450; *W. U. T. Co. v. Collins*, 156 Ala. 333; *W. U. T. Co. v. Hendley*, 157 Ind. 90; *Duncan v. W. U. T. Co.*, 93 Miss. 500.

WALKER, P. J.—On July 19, 1910, the appellant (the defendant below) received from the appellee's agent at Montgomery, Ala., for transmission, a telegram in the following words, addressed to the appellee at Dadeville, Alabama: "I recommend Atlanta City bonds, nine thousand, paying four twenty-five net. Balance Savings Association, all nontaxable. If satisfactory, where shall I mail certificate for your signature. H. C. Stockdell." The message was changed in its transmission by the substitution of the word "Atlantic" for the word "Atlanta," as it appeared in the message delivered for transmission, making that part of the message, as it was delivered to the appellee on the same day read, "I recommend Atlantic City bonds." The cost of the message, 61 cents, was by the appellant charged to the appellee, and was paid by him. The complaint claimed damages for the defendant's violation of its contract in failing to transmit the message correctly. As it was amended, it contained two counts, one of which claimed as special damages the cost of a trip to Atlanta made by the plaintiff upon the receipt of the message, and the value of the time lost from his business by making the trip—that count averring that at and before the sending of the message the plaintiff and H. C. Stockdell were cotrustees of a certain fund, amounting to a large sum, which they desired to invest; that the plaintiff "was acquainted with an issue of bonds known as Atlanta City bonds, and that he would, on the receipt of the message as delivered to the defendant at Montgomery, have been able, without further inquiry or investigation, to determine and inform his cotrustee of the advisability of investing in such bonds. But plaintiff avers that he had no acquaintance with the bonds described in said message as received as Atlantic City bonds, and was not informed as to their

value or desirability; that, upon receipt of said message, plaintiff went to the city of Atlanta, where said Stockdell then lived, for the sole purpose of conferring with his said cotrustee as to the value of such bonds, and as to the advisability of investing said funds in said Atlantic City bonds." The court, having overruled a motion of the defendant to strike the parts of the complaint above set out which constituted the basis for the claim of the special damages mentioned, on the trial of the case without the intervention of a jury, issue having been joined on the plea of the general issue, on evidence showing the payment by the plaintiff of the cost of the message and substantially sustaining the averments of the complaint as to special damages claimed, rendered judgment in favor of the plaintiff, awarding him the amount shown by the evidence to have been expended in the trip to Atlanta and the value of his time lost in making that trip. The plaintiff testified in effect that he did not have confidence in Mr. Stockdell, his cotrustee, and that, upon receiving the message, altered so as to recommend the purchase of Atlantic City bonds, he thought it better to go to Atlanta and have a personal conference with Stockdell, rather than attempt to communicate with him by telephone or telegraph. So far as the evidence showed, the defendant had no notice or information in reference to the matter referred to in the message, or as to the places of residence, except such as was afforded by the message itself as it was delivered for transmission.

The rule is familiar that for the breach of a contract only such damages are recoverable as are the natural and proximate result of its breach which reasonably might have been anticipated by the parties at the time the contract was entered into as a probable consequence of the breach, naturally to arise in the usual

[Western Union Telegraph Co. v. Reed.]

course of things, in the event of such breach; and that special damages, or such as could not reasonably have been expected to result from the breach of the contract complained of but for the existence of a particular state of facts or exceptional circumstances attending the making of the contract are not recoverable unless the special state of facts which might give rise to them in the event of the breach was, at the time the contract was entered into, in some way brought to the knowledge or notice of the party sought to be charged.— *Dickerson v. Finley,* 158 Ala. 149, 48 South. 548; *Pilcher v. Central of Georgia Railway Co.,* 155 Ala. 316, 46 South. 765.

The application of these rules to cases involving a breach by a telegraph company of the obligation assumed by it properly to transmit and deliver a message accepted by it for transmission has been illustrated in several decisions in this state.—*Daugherty v. American Union Telegraph Co.,* 75 Ala. 168, 51 Am. Rep. 435; *American Union Telegraph Co. v. Daugherty,* 89 Ala. 196, 7 South. 600; *Western Union Telegraph Co. v. Way,* 83 Ala. 542, 557, 4 South. 844, 849. In the opinion rendered in the case last cited it was said: "That special circumstances which take the contract out of the usual course of things must be communicated in order to become an element of the duty in reference to the contract, and if unknown, damages suffered by reason of the existence of such special circumstances are not recoverable; but that, in all cases, the damages which would naturally, generally, and proximately result from a breach of the contract, 'according to the usual course of things,' are recoverable; whether or not actually contemplated by the parties, the law conclusively presumes them to have been in their contemplation."

17 CA

This case presents the questions, whether the expenses of the plaintiff's trip to Atlanta and the loss of time incident to the making of that trip can be regarded as natural and proximate results which the defendant, at the time it accepted the message for transmission, reasonably might have anticipated would follow in the usual course of things from the breach of obligation of which it was guilty; and, if not, whether, by the message itself, or in any other way, the defendant, at that time, had knowledge or notice of the existence of such a special state of facts as would render it reasonably probable that the plaintiff might incur such outlay and loss of time as a consequence of the error that was made in the transmission of the message.

The question last stated will first be considered, as it is apparent from what has been said that an affirmative answer to it would dispense with any necessity of discussing the other question. It is not to be doubted that "where as the direct result of the negligence of the telegraph company plaintiff, or some one for whose traveling expenses he is responsible, makes a trip which, had it not been for the company's breach of duty, it would not have been necessary to make, the telegraph company is liable for the necessary and reasonable expenses of the trip." 37 Cyc. 1767. The telegram itself, standing alone or considered in connection with another telegram to which it is an answer, may be of such a nature as to suggest that a failure to transmit it, or its incorrect transmission, might probably result in the sender or the person to whom it was addressed making, or having another for him to make, a trip for which otherwise there would have been no occasion. That was the nature of the message under consideration in the case of *Duncan v. Telegraph* Co., 93 Miss. 500; 47 South. 552 which is relied on by the counsel for the appellee

as an authority supporting his contention. The facts in that case were that a telegram which, as it was received for transmission, read, "Son very well," was so changed in its transmission as to read, "Son very ill," came as the answer to a telegram from the plaintiff to the superintendent of a school at which his son was a pupil, inquiring if the latter was sick, stating that the sender had not heard from his son for some time, and asking for a prompt answer. The court was of the opinion that the receipt by a father of such reply to such an inquiry was well calculated to lead the father to leave at once for his son's bedside, and that the telegraph company was chargeable with the expenses of the trip so occasioned by its mistake. In the case of *Western Union Telegraph Co. v. Henley,* 157 Ind. 90, 60 N. E. 682, also relied upon by counsel for the appellee, it was held that a telegram sent by the plaintiff from Bloomington, Ind., to a person at South Bend, Ind., in the words, "Is stone work on building finished? Wire answer today. Henley Stone Company," sufficiently informed the telegraph company of the nature of the information desired to sustain a judgment against the company, upon its failure to deliver the telegram, for the expense of sending a messenger to obtain the information requested by the telegram, as it informed the company that the sender was engaged in the stone business, that it was interested in the progress of the stone work on a building in South Bend, and desired immediate information on the state of the work. There are other cases in the books in which the expenses of a trip taken in consequence of a failure to deliver a telegram, or of the delivery of a telegram materially different from the one sent, were allowed where the words of the message itself were such as to suggest that the breach of its obligation of which

the telegraph company was guilty might probably lead
to that result.—*Western Union Telegraph Co. v. Short,*
53 Ark. 434, 14 S. W. 649, 9 L. R. A. 744; 37 Cyc. 1768.

Can it be said that the words of the message now un-
der consideration gave such notice or information?
There was nothing in the words of that message as it
was accepted for transmission to indicate whether the
person to whom it was addressed was then informed or
ignorant of the merits or demerits of the Atlanta City
bonds which were recommended. This being true, it
could not with much plausability be claimed that a rec-
ommendation of Atlanta City bonds would have been
even less likely to suggest to the person to whom the
message was addressed the advisability of making a
trip to Atlanta for the purpose of making an investi-
gation than would have been a recommendation of the
bonds of some other city. The terms of the message
as it was prepared by the sender were as well calculated
to suggest to one ignorant of the matter to which it was
referred or of the relations between the sender and the
person addressed that it was in response to a request
of the latter for such a recommendation, and that its
receipt by him would end or settle an inquiry or inves-
tigation on his part, as that it might be the occasion
of his starting an investigation as to the securities rec-
ommended. Indeed, it would be the merest guesswork
to infer from the reading of such a telegraphic recom-
mendation of certain securities that it is calculated to
settle or to start an investigation of them by the per-
son addressed, or to cause him to make a trip to a cer-
tain place, or any trip at all, for that purpose. Even
if it could be said that it is a reasonable inference from
such a message that it would lead the person addressed
to make an investigation of the securities mentioned,
it would be pure surmise to say that he would probably

[Western Union Telegraph Co. v. Reed.]

take a trip for that purpose, rather than seek informa-
tion by letter, telegram or telephone, or by resort to a
banker, or other person near at hand, who might be
supposed to be in touch with sources of information on
such a subject. In conclusion, as to this feature of
the inquiry, we think that it may with confidence be
said that the message itself which is in question in this
case was not such that its receipt by the telegraph com-
pany gave to it notice or information of the existence
of a particular state of facts which rendered it reason-
ably probable that such a mistake as was made in its
transmission would lead the person addressed to incur
the outlay for a trip and the consequent loss of time
for which he claims to be compensated in damages.

In the absence of any evidence tending to show that
the appellant had any knowledge, information, or no-
tice as to the matter referred to in the message except
such as the words of the message itself afforded, it is
plain that it is not liable for special damages which the
plaintiff may have sustained, possibly as the natural
result of his receipt of such a message as was delivered
to him, in view of his actual relations with the sub-
ject matter and the sender of the message, which were
known to him, but were unknown to the appellant. In
some of the cases referred to by the counsel for the
appellee—for instance, the case of *Sprague v. Western
Union Telegraph Co.*, 6 Daly (N. Y.) 200—special dam-
ages were allowed because of information imparted by
the sender of the message to the employe of the com-
pany who accepted it, at the time of its acceptance, of
the existence of the particular situation which would
naturally give rise to such special damages in the event
of the breach of obligation of which the telegraph com-
pany was guilty. Such rulings are not applicable to
the state of facts here presented, because of the absence

of such knowledge or information on the part of the appellant.

The reasoning which led to the rulings made in the cases of *Southern Railway Co. v. Webb*, 143 Ala. 304, 315, 39 South. 262, 111 Am. St. Rep. 45, and *Southern Railway Co. v. Coleman*, 153 Ala. 266, 44 South. 837, on states of facts bearing some analogy to the state of facts presented in this case, leads to the conclusion that the damages claimed by the appellee because of the expenses incurred by him in his trip to Atlanta, and his loss of time consequent upon the making of that trip, cannot be considered as natural or proximate results which might reasonably have been anticipated by the appellant, at the time it received the message, in ignorance of the special circumstances which occasioned the sending of it, as likely to ensue, in the usual course of things, from the breach of obligation of which it was guilty; but are to be regarded as special damages, or such as would not naturally have been expected to result, ordinarily and in the usual course of things, from that breach of duty but for the existence of the particular state of facts, collateral to the contract, and not suggested or disclosed by it, and which are not recoverable, because of the appellant's lack of knowledge, information or notice of such exceptional circumstances. —*Guilford & Deal v. Western Union Telegraph Co.,* 163 Ala. 1, 4; 50 South. 112.

Under the allegations of the third count of the complaint, and the general claim of damages therein made, supported by the proof of the payment by the appellee of the charge made for a message which was not delivered as it was sent, the appellee is entitled to recover 61 cents, the amount paid by him on that account, with interest thereon.—*Western Union Telegraph Co. v. Crumpton,* 138 Ala. 632, 36 South. 517. The judgment

of the court below is reversed, and a judgment will here be rendered in favor of the appellee for that amount, the costs of the appeal to this court to be taxed against him.

Reversed and rendered.