# Western Union Telegraph Company v. Russell.

## Failure to Deliver Telegram.

(Decided April 16, 1912.   58 South. 938.)

1. *Telegraphs and Telephones; Delay in Delivery; Complaint.*— Where a complaint for delay in delivering a telegram alleged that the message was delivered for transmission to defendant or its agent, it sufficiently alleged that the agent of the defendant at the point of transmission was acting for and on behalf of defendant, within the scope of his authority in receiving the telegram, and in doing what was done or failed to be done in reference thereto.

2. *Same; Negligence.*—The evidence in this case examined and held to warrant the finding that a prompt transmission and delivery

of the message notifying plaintiff's sister of the funeral of their mother, would have resulted in the arrival of the sister at the place of the funeral much sooner than she, in fact, did arrive.

3. *Same; Notice; Relationship.*—Where the message was addressed to a married woman notifying her that the sender, W. R. Russell, would arrive in Columbus, Ga., the next day with the remains of Mrs. E. L. Russell, and requesting an immediate answer, it indicated on its face that the sender and the deceased were kinspeople, and that the sendee was a member of the same family, and the additional fact that the sender offered to pay an additional sum to secure prompt delivery by a special messenger, constituted notice to the defendant that a failure to promptly transmit and de'iver the message would probably result in serious disappointment and mental distress on the part of the sender.

4. *Same; Special Damages.*—The fact that the sender of the telegram had arranged for a hearse and several carriages for the purpose of conducting the funeral from the train on its arrival, but that the funeral was postponed on account of the absence of the sender's sister, necessitating extra charges for hearse and carriages, constituted such extra charges special damages, which were not recoverable in the absence of any evidence that the telegraph company was informed that plaintiff would be responsible for the expenses of the funeral, or that a postponement of the funeral might entail on the sender additional expenses.

5. *Appeal and Error; Harmless Error; Pleading.*—Evidence of the fact that there was no such telephone connection at the defendant's office to which the message was directed as indicated in the address on the message was admissible under the general issue, which was pleaded, and hence, if it was error to sustain a demurrer to a plea setting up that fact, it was error without injury.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. R. Russell against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint, after describing the nature and character of the business of the defendant, and alleging that it had an office at Bessemer, in the State of Alabama, and one at Meigs, in the State of Georgia, and averring that on a certain date plaintiff delivered to the defendant, or its agents, at Bessemer, Ala., the telegram set out in the opinion, contains the following: "Which telegram was delivered to defendant, or its agent, for immediate transmission and delivery to the sendee; and he avers that defendant, or its agent, received said message

or telegram, and undertook and agreed to immediately transmit same to Meigs, Ga., and deliver same to Mrs. W. J. Hart, the sendee, for a valuable consideration, which was then and there paid the said defendant, or its agent, by the plaintiff." This same allegation occurs throughout the several counts. The substance of plea 4 sufficiently appears from the opinion.

CAMPBELL & JOHNSTON, for appellant. There was nothing upon which plaintiff could attach the right to recover damages for mental pain or anguish or any other special damages.—*W. U. T. Co. v. McMorris*, 158 Ala. 563, and authorities there cited. On this authority, the court should have sustained demurrers to the complaint. The court erred in sustaining demurrers to plea 4.– 37 Cyc. 1692. The counts are *ex contractu*, and no damages not in contemplation of the parties at the time the contract was entered into, or that may not reasonably be expected to flow from the breach are recoverable.— *Dougherty v. Western Union*, 75 Ala. 168; *Hadley v. Baxendale*, 9 Exch. 341; *W. U. T. Co. v. Way*, 83 Ala. 542; *W. U. T. Co. v. Northcutt*, 158 Ala. 539; *Western Ry. v. Mutch*, 97 Ala. 194; 122 Am. St. Rep. 580. There was nothing in the message to give notice as to any relationship between the sender and sendee.—*W. U. T. Co. v. Luck*, 66 Am. St. Rep. 869; *W. U. T. Co. v. Ayres*, 131 Ala. 391. It cannot be presumed that the sendee would have gone if the message had been promptly delivered.— *W. U. T. Co. v. McMorris, supra.* Defendant was entitled to the affirmative charge as to the 1st and 2nd count.— *W. U. T. Co. v. Benson*, 159 Ala. 254. The court erred in refusing charge 11.—*W. U. T. Co. v. Henderson*, 89 Ala. 510; *W. U. T. Co. v. Benson, supra; W. U. T. Co. v. Emerson*, 161 Ala. 221.

MATHEWS & MATHEWS, for appellee. The court was not in error in its ruling on the pleadings.—51 South. 177. The plaintiff was entitled to damages on account of additional expense of carriages and hearse at the funeral.—*W. U. T. Co. v. Griffin,* 50 South. 92; *W. U. T. Co. v. Northcutt,* 158 Ala. 539. Counsel discuss other assignments of error relative to evidence but without citation of authority.—*W. U. T. Co. v. Long,* 148 Ala. 202; *Same v. Benson,* 159 Ala. 254; *Same v. Rowell,* 51 South. 880; *Same v. Burns,* 51 South. 373. Charge 11 was properly refused.—*Western Car Co. v. Cunningham,* 158 Ala. 369; *C. of Ga. v. Hyatt,* 151 Ala. 355; *Montgomery St. Ry v. Smith,* 146 Ala. 326.

WALKER, P. J.—The assignments of error based upon the action of the trial court in overruling the demurrers to the several counts of the complaint are sought to be sustained by the suggestion that the allegations as to the delivery of the telegram to "the defendant, or its agent," do not show a delivery of it to the defendant. There is no merit in this suggestion. The averments of each of the counts sufficiently show that the defendant's agent at Bessemer, in receiving the telegram for transmission, and in what was done or failed to be done in reference to it, was acting for and in behalf of the defendant, and within the scope of such an agency.

The defendant could not have been prejudiced by the sustaining of the demurrer to its fourth plea. That plea was in effect a denial that there was any such telephone call or connection at the defendant's terminal office to which the message was to be transmitted as was indicated by the telephone number which was made a part of the address of the person to whom the message was sent. Evidence of that fact would negative a conclusion that the defendant was negligent in failing to reach the person addressed by the telephone in the mode indicated in

the address, and was available to the defendant under its plea of the general issue.

The claim of the plaintiff (the appellee here) was based upon the alleged breach by the defendant of the obligation assumed by it promptly to transmit and deliver the following message: "Bessemer, Alabama, Feby. 16, 1910. Mrs. W. J. Hart, Phone 191—2 rings, R. F. D. No. 1 Meigs, Georgia. Will be in Columbus, Georgia, tomorrow, 10 o'clock, with remains of Mrs. E. L. Russell. Answer at once. (Signed) W. R. Russell." It is contended in behalf of the appellant that there was an absence of evidence tending to show that Mrs. Hart, the person addressed, could or would have left for Columbus, Ga., any earlier than she did, if the message had been delivered with due diligence after the special charge was paid to secure its delivery at her place of residence, which was several miles out in the country from Meigs, Ga.; and in this connection reference is made to what was said in the case of *Western Union Telegraph Co. v. McMorris,* 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46, as to the necessity of the plaintiff in such a case adducing evidence to support an inference that his object in sending the message would have been accomplished by the exercise of due diligence in its transmission and delivery. The message in that case announced the death of one Caldwell, stated when his remains would reach the place to which the message was sent, and contained a request that the grave be preparad. The evidence showed that the persons addressed were not related to the sender of the message, or to the person whose death was announced, and there was no effort to prove that they were in the town to which the message was sent during the time within which the plaintiff was claiming that they should have received it, or that they would have complied with the request contained in the message, if it had been de-

livered to them within that time. In the case at bar, it cannot fairly be said that there was a similar lack of evidence as to the feature of the case which is referred to. Here the person addressed was the sister of the sender of the message and the daughter of the person of the arrival of whose remains at Columbus on the next morning the message gave notice. There was evidence tending to show that she left for Columbus by the first train going in that direction after she received the message; and that, if it had been forwarded to her from Meigs with due diligence after the defendant was paid the amount it charged for this service, she could have taken a train by which she would have been enabled to get to Columbus during the morning of the day on which the remains of her mother reached there. It is not difficult to discover in such a state of facts substantial support for an inference that the prompt transmission and delivery of the message would have resulted in the person addressed being with her brother, the sender of the message, in Columbus on the morning of the arrival at that place of the remains of their deceased mother. We cannot concur in the view that there was a fatal deficiency in the evidence in the respect suggested.

Mention, also, is made of the absence of direct evidence of the defendant's being informed of any relationship between the person addressed and either the sender of the message or the person whose death was referred to. The words of the message showed plainly enough that the subject of it was a matter of serious concern to both parties to the communication. The surnames mentioned indicate that the sender and the deceased person referred to were kinspeople; and the message being addressed to a married woman, the terms of it might readily suggest that she also was a member of the same family. The sender's willingness to pay a charge to secure

prompt delivery by a special messenger, if the person addressed could not be reached by telephone from the defendant's terminal office, indicated his anxiety to avoid delay. At any rate, the message was such a communication as in itself, especially in view of the circumstances attending the sending of it, carried notice to the defendant that a failure promptly to transmit and deliver it would propably result in serious disappointment and mental distress on the part of the sender.—*Western Union Telegraph Co. v. Benson*, 159 Ala. 254, 48 South. 712; *Western Union Telegraph Co. v. Bennett*, 3 Ala. App. 275, 57 South. 87.

Evidence offered by the plaintiff tended to prove that the remains of his mother reached Columbus on the morning train after his message to Mrs. Hart was sent, and that he had a hearse and several carriages at the depot; the plan being to take the remains directly to the cemetery. The receipt of a telephone message, announcing that Mrs. Hart was coming, occasioned a postponement of the funeral to the next day. Over objections duly interposed by the defendant, the plaintiff was permitted to prove the additional cost to him of the hearse and carriages consequent upon the postponement of the funeral under the circumstances stated. The court charged the jury to the effect that under the evidence the defendant might be held liable for that item of expense incurred by the plaintiff, and refused a charge requested by the defendant, which asserted that the amount of such expenses incurred by the plaintiff should not be considered as a part of the recoverable damages in the case. We are of opinion that the court was in error in these rulings. The action was for the recovery of damages sustained by the plaintiff in consequence of the alleged breach by the defendant of the obligation assumed by it promptly to transmit and deliver the message. The

fact that the postponement of the funeral was the occasion of subjecting the plaintiff to an additional expenditure for vehicles, to which he would not have been subjected but for such postponement, was owing to the circumstances that he was the person by whom such expenses were to be borne. Such additional expenses, so incurred by the plaintiff, conceding that, under the evidence, they could be regarded as having proximately resulted from a failure of the defendant to have the message promptly delivered, clearly are to be classified as special damages, or such as could not reasonably have been expected by the parties to result from the breach of obligation complained of but for the existence of an exceptional state of facts attending the making of the contract. The rule is settled that such special damages resulting from a breach of a contract are not recoverable, unless the exceptional state of facts which might give rise to them in the event of such breach was, at the time the contract was entered into, in some way brought to the knowledge or notice of the party sought to be charged. This rule has been applied several times in this state in cases bearing some resemblances, in the facts and principals involved, to the present one.—*Daugherty v. American Union Telegraph Co.*, 75 Ala. 168, 51 Am. Rep. 435; *American Union Telegraph Co. v. Daugherty*, 89 Ala. 196, 7 South. 660; *Western Union Telegraph Co. v. Way.* 83 Ala. 543, 4 South. 844; *Western Union Telegraph Co. v. Reed*, 3 Ala. App. 253, 57 South. 83.

There was no evidence tending to show that the defendant was notified or informed in any way that the sender of the message would be responsible for or would have to bear the expenses of the funeral of the deceased person referred to. There are nothing in the terms of the message to suggest that a postponement of the funeral might entail upon the sender an additional outlay for

a hearse and carriages. The message suggested that the sender and the deceased were members of the same family, but did not indicate that the former was a son of the latter, or that he happened to be the member of the family who would pay the expenses of the funeral. In short, there was nothing in the message itself, or in the circumstances attending the defendant's acceptance of it for transmission and delivery, to indicate or suggest to the defendant that a breach by it of the obligation so assumed might result in entailing upon the plaintiff such special damages as he claimed to have sustained by being subjected to an additional and unlooked for outlay for a hearse and carriages. In this state of the evidence, that outlay by the plaintiff cannot furnish support for an award of damages to him.

Other questions presented for review need not be passed on, as they may not arise in another trial.

Reversed and remanded.