# Capital City Insurance Company, v. Cofield.

### *Action on a Policy of Fire Insurance.*

1. *Time for signing bill of exceptions.*—A motion to strike a bill of exceptions solely on the ground that it was not signed by the presiding judge until after appeal to the Supreme Court will not be sustained.

2. *Issue of fact joined on rejoinder; proof; judgment regardless of merit.*—In an action on a policy of fire insurance, where defendant pleads in bar a failure on plaintiff's part to comply with a condition of the policy which required him to make proof of his loss resulting from fire, and plaintiff interposed a replication averring acts of defendant's agents, such as visiting the scene of the fire and examining the books, as a waiver of condition, and defendant by rejoinder sets up a written agreement between defendant's agent and plaintiff wherein it was agreed that any action taken by defendant in investigating the cause of the fire and the amount of loss should not waive or invalidate any condition of the policy, and issue of fact is joined on the rejoinder, and the written agreement is without objection or dispute admitted in evidence, the rejoinder is thus completely proved, and the defendant is entitled to a judgment regardless of the other issues and the merit of the rejoinder.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. T. J. BURTON.

This is an action brought by the appellee, W. J. Cofield, against the appellant, the Capital City Insurance Company, to recover on a fire insurance policy. There were many rulings by the court on the pleadings, but it is not necessary to set them out here.

The eighth plea of defendant sets up as a bar to the action a failure on the plaintiff's part to comply with a condition of the policy which required him to make proof of his loss resulting from the fire.

To this plea plaintiff replied that he gave defendant's agent, Porter, notice of the loss; that said agent visited

the scene of the fire, examined the loss, plaintiff's books, etc., and saw that no goods were saved from the fire; that said agent advised plaintiff that a further proof of the loss of goods was unnecessary, and need not be furnished defendant; that defendant's agent, Dean, visited the scene of the fire and loss; and examined the books of plaintiff, but that he did not say anything to plaintiff about the failure to give the notice alleged in plea number eight; and that defendant thereby waived its right to insist on matters alleged in said plea. To this replication defendant rejoined, in substance, that before Dean had any dealing with plaintiff in regard to the policy a written agreement was entered into by plaintiff, which provided that no action taken by the defendant in investigating the cause of the fire or the amount of loss and damage to property should waive or invalidate any of the conditions of the policy, and that by reason of this contract no act on the part of defendant's agent had the effect to waive any rights of defendant under the policy.

Issue of fact was joined on this rejoinder, and the written contract was admitted in evidence without objection.

Judgment was rendered for the plaintiff. Defendant appeals, and assigns as error, among other things, the rendition thereof.

THOS. G. JONES & CHAS. P. JONES and EDWIN F. JONES and A. C. BIRCH, for appellant, cited 19 Nev. 174, 404; 47 Cal. 526; 69 Cal. 572; 72 Mo. 284; 78 Mo. 222; *Shreve v. Chisman*, 16 C. C. A. 415.

MERRILL & BRIDGES, *contra*.

SHARPE J,—In this cause a motion is made to strike the bill of exceptions from the record on the ground that the same "was not signed by the presiding judge until after the appeal to this court was taken." The statutes and rules fixing the time for signing bills of exceptions and authorizing the extension of such time by their terms apply generally. To hold that the time fixed by or in accordance with those statutes and

rules, will be limited by reason of an appeal would be to deny to them without any valid reason the operation which their provisions expressly import. The motion must be overruled.

The 8th plea sets up as a bar to this action a failure on the plaintiff's part to comply with a condition of the policy which required him to make proof of his loss resulting from the fire. To this plea a single replication numbered 6 was interposed averring acts and conduct of defendant's agents Porter and Dean, respectively, as constituting a waiver of the condition referred to. With reference to Dean this replication avers that shortly after the fire he, being duly authorized thereto as defendant's agent, visited the scene of the fire, examined the books and accounts kept by plaintiff and made no objection to payment of the loss or of a failure to make proof thereof. After a demurrer to this replication was overruled, defendant rejoined thereto in substance and without more that before Dean had any dealing with plaintiff in regard to the policy a writing was executed whereby it was set forth and agreed between the plaintiff as of the first part and defendant as of the second part as follows: "that any action taken by the party of the second part in investigating the cause of fire or investigating the amount of loss and damage to the property of the party of the first part, caused by fire alleged to have occurred on November 10th, 1898, shall not waive or invalidate any of the conditions of the policy of the party of the second part held by the party of the first part and shall not waive or invalidate any right whatever of either of the parties to this agreement. The intent of this agreement is to preserve the rights of all the parties hereto and provide for an investigation of the fire and the determination of the amount of the loss or damage, without regard to the liability of the party of the second part. Signed in duplicate this 5th day of Dec., 1898;" and that by reason of said contract no act or omission of said Dean had the effect to waive any right of defendant to insist on the matters of defense set up in the 8th plea of defendant. Issue of fact was joined on this rejoinder and the written agreement men-

[The State of Alabama, for the Use, etc. v. Fields.]

tioned was without objection and without any evidence in disproof of its execution, introduced and received in evidence and the rejoinder was thus completely proved. Thus it appears that defendant was entitled to have the issue so made and tried found for it, and that judgment should have been rendered in its favor accordingly, regardless of the other issues and regardless of whether the rejoinder had merit.—*Western Assurance Co. v. Hall*, 120 Ala. 547; *Brown v. Bamberger, Bloom & Co.*, 110 Ala. 342. Upon this consideration, if for no other reason, the judgment appealed from must be reversed and, the case having been tried without a jury, this court will render the judgment which the trial court should have rendered, viz., that the defendant go hence without day and recover of the plaintiff its costs in the trial court.

Reversed and rendered.