# Stevenson & Herzfeld *v.* Whatley, *et al.*

## *Trover and Conversion.*

(Decided June 17, 1909.   40 South. 41.)

1. *Appeal and Error; Harmless Error.*—Where the court instructed the jury that the mortgages had not been paid and that plaintiffs were entitled to recover unless they authorized the mortgagor to sell the mortgaged property alleged to have been converted, any errors that may have been committed in ruling on the evidence as to the foreclosure or payment of the mortgage was rendered harmless.

[Stevenson & Herzfeld v. Whatley, et al.]

2. *Trover and Conversion; Sale by Mortgagor; Authority.*—The evidence in this case stated and examined and held to require a submission to the jury of the question as to whether or not the mortgagees gave the mortgagor unconditional authority to sell the property alleged to have been converted.

3. *Same; Evidence.*—Where the suit was for the conversion of certain mules by a purchase from the mortgagor, and the defense was, unconditional authority from the mortgagee to sell, evidence that the mortgagor informed the plaintiff that he had sold the mule, and was using the money in the mill business, and that they did not repudiate his actions in so doing, was admissible as a circumstance bearing upon the mortgagor's authority to sell..

4. *Pleading; Immaterial ,Plea; Joining Issue.*—where issue is joined on a plea whether good or bad, and the plea is proven beyond .dispute, the party interposing the plea is entitled to the general charge.

APPEAL from Clay Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by Stevenson & Herzfeld, a partnership, against M. H. Whatley and M. A. Mayo for the conversion by them of four mules. Judgment for defendants, and plaintiffs appeal. Affirmed.

Plea 1 was as follows: "That the defendants are not guilty of a joint conversion of said property alleged in plaintiffs' complaint." The facts tend to show that the plaintiff firm loaned one G. L. Hadden $1,800, secured by a mortgage on certain oxen, mules, and other stock, among them the mules for the conversion of which recovery is sought. The other facts appear in the opinion of the court. As to plea 1 the proof shows that Whatley got the mules by purchase, and it is not shown that Mayo had anything to do with the purchase or the taking of the mules.

D. H. RIDDLE, for appellant.—At most, under the testimony, Hadden was the agent of the plaintiff to sell the mules, but was without authority to collect the money, and one dealing with an agent is bound to inform himself as to the extent of the agency.—*Herrin v. Scaggs,* 62 Ala. 180; *Cummins v. Beaumont,* 68 Ala. 204; *Wheeler v. McGuire,* 86 Ala. 398.

WHATLEY & CORNELIUS, for appellee.—Plea 1 was proven as to both defendants, and hence they were entitled to the affirmative charge, and any other errors that might have intervened were harmless.—*Griffin v. Foundry Company*, 135 Ala. 490; *Steele v. May*, 135 Ala. 483; *Bienville W. W. Co. v. Mobile*, 125 Ala. 178; *Glass v. Meyer*, 124 Ala. 332; *Taylor v. Smith*, 104 Ala. 545; *Brown v. Bamburger*, 110 Ala. 343.

ANDERSON, J.—The trial court, at the request of the plaintiffs, gave certain charges, to the effect that the mortgage had not been paid and that plaintiffs were entitled to recover unless they authorized Hadden, the mortgagor, to sell the mules. This rendered any errors, if any there were, in ruling upon the evidence as to the foreclosure or payment of the mortgage, error without injury.

There was proof from which the jury could infer that the plaintiffs gave Hadden unconditional authority to sell the mules, and if this were true the defendant Whatley would be protected in buying them and in paying the money to Hadden as the agent of plaintiffs. It is true plaintiffs denied this authority, and also claimed that, if they authorized him to sell at all, it was with the understanding that he was to bring them the money. It was a question for the jury, however, as to whether or not plaintiffs authorized Hadden unconditionally to sell the mules, and the trial court did not err in refusing the general charge requested by the plaintiffs.

There was no error in permitting Hadden to tell what he did with the money from the sale of the mules, coupled with the further testimony that he informed the plaintiffs that he was using it in the mill business and that they did not repudiate his act in so doing. This was a circumstance for the jury, corroborative of the conten-

tion of defendants that the sale had been authorized by the plaintiffs.

Aside from the foregoing, this case would have to be affirmed. Issue was taken on plea 1, and, whether a good plea or not, it was proved beyond dispute, and the defendants were entitled to the general affirmative charge.—*Glass v. Meyer & Son.,* 124 Ala. 332, 26 South. 890; *Capitol City Co. v. Cofield,* 131 Ala. 198, 31 South. 37; *Taylor v. Smith,* 104 Ala. 537, 16 South. 629. This plea 1 was interposed by both defendants, and the proof shows that there was no joint conversion of the property by these defendants.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.