54 So.2d 589

**WATERS v. ANTHONY.**

**6 Div. 783.**

Supreme Court of Alabama.

Oct. 25, 1951.

Wm. S. Pritchard, Victor H. Smith, and Pritchard & McCall, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

Plaintiff in the court below sued J. R. Waters, doing business as Delmar Theatre, and J. M. Lackey for loss of consortium, society, and services of his wife, and medical and other expenses incurred in connection with injuries sustained by his wife. The wife's case, Waters v. Anthony, 252 Ala. 244, 40 So.2d 316, was affirmed by this court after consideration of substantially the same evidence as was presented in this case. Plaintiff's wife entered the theatre owned by defendant Waters and managed by defendant Lackey. Plaintiff's evidence tended to show that the seat in which plaintiff's wife attempted to sit was defective in that the entire bottom was missing, and as a result she fell to the floor and injured herself. The jury returned a verdict for plaintiff in this case for $5,000.

As we read and interpret the brief filed by counsel for appellant, the only assignments of error urged and argued by appellant are those numbered 11, 14 and 15.

Assignment of Error numbered 15 reads as follows: "15. For that the action was against this appellant as the owner of the Delmar Theatre, and one Lackey, who was the manager and had charge of the operations of said theatre, and any negligence that proximately caused the alleged injury and damage of plaintiff was that of said defendant, Lackey, and the jury, by its verdict, exonerated the servant, Lackey, and that as a matter of law the lower court should have set aside the verdict returned by the jury against this appellant."

In the wife's case defendants urged on appeal that there was no duty which defendant Lackey owed the plaintiff and that the affirmative charge should have been given as to him. However, this court held that "it was for the jury to say whether he (Lackey) discharged his duty in the matter of the physical conditions of the seats." After stating the rule as to the personal liability of the servant for an injury to a third person, the court held that the evidence was sufficient for the jury to find that Lackey had breached his duty to patrons of the theatre to use reasonable care in performing his duties as manager.

In the instant case the jury returned a verdict against defendant Waters alone. Counsel for Waters argue that this verdict is inconsistent and self-contradictory. In support of this they point out the language of the court in Waters v. Anthony, supra, and Carter v. Franklin, 234 Ala. 116, 173 So. 861, 863. In the previous case involving this same injury we undertook a discussion of the evidence to show that the finding of the jury that Lackey was guilty of negligence was justified. But we did not hold that the jury was required to find both defendants liable. It was a question for the jury as to whether Lackey had failed to use reasonable care in performance of his duties. The evidence in this case is not so compelling or overwhelming that the verdict exonerating Lackey is against the weight of the evidence. Indeed, such argument is not and could not be presented by defendant Waters. However, he argues that since Lackey has

been acquitted of negligence, then he cannot be held liable. In the case of Carter v. Franklin, supra, the court said: "In this connection we deem it proper to note that where employer and employee are sued in tort, the liability charged to the employer resting solely on the negligence or wanton conduct of the employee, a verdict against the employer and in favor of the employee is due to be set aside on proper motion. It is self contradictory. It says in one aspect that the employee was guilty of negligence proximately causing injury, and because of such negligence in the line and scope of his employment, his employer is liable, while in the other aspect, it says the employee was not guilty of negligence, the proximate cause of injury. Such a verdict on its face discloses that the jury has misconceived the issues, or was prompted by bias against the employer or in favor of the employee." . If the facts in this case showed only that the negligence of Lackey was the sole basis on which Waters could be found liable, the verdict would be bad. However, the evidence showed that it was the duty of a colored maid to clean up the theatre every morning and to look for defective seats. Also the doorman was used at times for inspection of the seats, and did so during the entire month in which plaintiff's wife was injured. Under the evidence, the jury was authorized to find Lackey guilty of negligence or not. They could find Waters guilty of negligence either because of the negligence of Lackey or of some other servant or employee. The verdict in this case is not self-contradictory. Southeastern Greyhound Lines v. Callahan, 244 Ala. 449, 13 So.2d 660; F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534.

Assignment of Error numbered 11 is based upon the refusal of the trial court to give at defendant Waters' request Charge No. 29. The charge is as follows: "I charge you gentlemen of the jury, that unless the alleged defect in the seat had existed for such length of time as to charge defendant J. R. Waters, in the exercise of reasonable care, with knowledge of its existence, your verdict should be for the defendant J. R. Waters." Not only is the charge misleading under the evidence and the issues, but it is an incorrect statement of the law in this state. The duty of the owner or proprietor of a theatre or other place of public amusement was established in this state in Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 635, 53 A.L.R. 840. The two conflicting rules applied in other jurisdictions were pointed out in the opinion. One is that the owner or proprietor is under a duty "to exercise reasonable care to see that the premises are safe and are kept in a safe condition." As to the other, the court quoted Scott v. University of Michigan Athletic Ass'n, 152 Mich. 684, 116 N.W. 624, 17 L.R.A.,N.S., 234: "The managers of the grounds and stands occupied upon the occasion in question the position of proprietors of a public resort. Plaintiff was not a mere licensee and did not occupy the stand by mere invitation. Whether responsibility to the plaintiff is grounded * * * upon a contract or upon a duty, it exists, if at all, because of an implied contract. The implied contract was that the stand was reasonably fit and proper for the use to which it was put; the duty was to see to it that it was in a fit and proper condition for such use. Neither plaintiff nor the public generally would be expected to examine the stand and judge of its safety. This consideration and the probable consequences of failure of the structure, imposed upon the responsible and profiting persons the duty of exercising a high degree of care to prevent disaster. They were not insurers of safety, they did not contract that there were no unknown defects, not discoverable by the use of reasonable means; but, having constructed the stand, they did contract that, except for such defects, it was safe."

The court in adopting the latter rule, said:

"There is, we think, a substantial difference in the operation and legal effect of the two rules as thus above formulated. Without undertaking a general discussion of their relative merits, we think that, where the proprietor invites people upon his premises, and receives compensation for the privilege of their entrance, or for their entertainment while there, he impliedly un-

dertakes that the premises are reasonably safe for the purpose intended, and for which they are accordingly used by his patrons.

"This does not mean that the proprietor is an insurer against accidents to patrons resulting from their own missteps or disabilities, and not primarily from the unsafe condition of the premises or their appurtenances, nor against injuries resulting from invisible defects therein, not open to observation, nor discoverable by ordinary inspection. This is the sound doctrine declared in Scott v. Univ[ersity] of Mich[igan] Athletic Ass'n, 152 Mich. 684, 116 N.W. 624, 17 L.R.A.,N.S., 234, 125 Am. St.Rep. 423, 15 Ann.Case. 515, as shown by the excerpt from the opinion, supra. But, where the causating defect was open to observation, or discoverable by ordinary inspection, liability for the injury attaches as a matter of law. It is not sufficient in such cases to say that the proprietor must make reasonable inspections, or exercise due care to discover, since his duty is to discover and to know."

The evidence of the instant case clearly shows that the defect in the seat was readily seen by an ordinary inspection. Lackey testified that "If a seat was missing it could not be turned down, but you couldn't miss it." Indeed, there need be little testimony in a case such as this where the defect was the entire absence of the bottom of a seat. Under this rule, it is obvious that the jury could have found that no one was at fault for failure to use reasonable care or for failure to make a reasonable inspection, but that defendant Waters was liable for the condition which existed because it did in fact exist.

The remaining argument is that the verdict and judgment is excessive.

As stated above, the jury returned a verdict for $5,000, the full amount claimed in the complaint. While we do not attempt a complete analysis of the evidence we do say that the husband's actual financial outlay in giving his injured wife proper medical attention and care was some three to four hundred dollars. The wife spent several weeks in bed, but was up a part of the time. The evidence tends to show a complete recovery from the injury to the coccyx bone can be effected by a more or less minor operation which ordinarily does not require more than two weeks hospitalization.

After a careful consideration of the evidence we are constrained to believe that the verdict of the jury is so excessive as to indicate bias or prejudice, or else a failure on the part of the jury to properly comprehend the issues involved in the case.

We think the motion for a new trial, based on the ground that the verdict was excessive, should be granted unless appellee remits the amount of his recovery from $5,000 to $3,500. See Alabama Power Co. v. Goodwin, 210 Ala. 388, 98 So. 124; Birmingham Electric Co. v. Chandler, 27 Ala. App. 563, 176 So. 321; Al DeMent Chevrolet Co. v. Wilson, 252 Ala. 662, 42 So.2d 585.

A judgment will accordingly be entered that unless appellee files with the Clerk of this court a remittitur, within thirty days, reducing the judgment to $3,500, the judgment of the trial court will stand reversed. If such remittitur is duly filed, the judgment for $3,500 with interest from the date of the judgment in the circuit court, will stand affirmed.

Affirmed conditionally.

BROWN, LAWSON and STAKELY, JJ., concur.