104 So.2d 687

**I. Eugene AIRHEART, Sr.,**

**v.**

**Ernestine B. GREEN, as Adm'x, etc.**

**8 Div. 904.**

Supreme Court of Alabama.

May 29, 1958.

Rehearing Denied Aug. 28, 1958.

Scott, Dawson & McGinty, Scottsboro, for appellant.

W. Loy Campbell and H. T. Foster, Scottsboro, and Julian Harris and Norman W. Harris, Decatur, for appellee.

lision between an automobile being operated by the defendant and an automobile being operated by plaintiff's intestate.

The case went to the jury on Counts 1 and 2, charging simple negligence and wantonness. A verdict for the plaintiff for $135,000 was returned by the jury and the trial court entered judgment accordingly. Upon the filing by the plaintiff of a remittitur of all damages in excess of $75,000, the defendant's motion for a new trial was overruled. A final judgment in the amount of $75,000 was entered and this appeal followed.

Upon the trial of the case, the first witness to be examined was the plaintiff, widow of the decedent. Over the objection of the defendant, she testified that the age of the decedent was thirty-six. Several assignments of error are directed to the action of the trial court in overruling defendant's objection and in overruling defendant's motion to "strike" said testimony. This character of evidence has been held inadmissible in such actions. See Kurn v. Counts, 247 Ala. 129, 22 So.2d 725; Smith v. Birmingham Ry. Light & Power Co., 147 Ala. 702, 41 So. 307; Louisville & N. R. R. Co. v. Tegnor, 125 Ala. 593, 28 So. 510.

However, the trial court in its oral charge instructed the jury that the damages provided for under the Homicide Statute are punitive and not compensatory; that compensatory damages are those which will compensate for loss, and that punitive damages are by way of punishment; further that the amount of damages should be directly related to the amount of wrongdoing on the part of the defendant. In written charges the court instructed the jury that in assessing damages they could not consider the pecuniary value of the life of the decedent; that the amount of the damages should not be measured by the value of the decedent's life; further, that no damages are recoverable to compensate the family of the deceased, from a pecuniary standpoint, on account of his death nor

SIMPSON, Justice.

This is an action under the Homicide Statute (Tit. 7, § 123, Ala.Code 1940) where plaintiff recovered a judgment against defendant for the death of her intestate resulting from an automobile col-

could the jury award any damages to compensate the plaintiff for any financial or pecuniary loss sustained by her or the family of the decedent on account of his death. We entertain the view that these instructions made it plain to the jury that the age of the decedent could not be considered in the assessment of damages, so any error in admitting such evidence was without injury. Supreme Court 45, Tit. 7, Ala.Code 1940; Stevenson & Herzfeld v. Whatley, 1909, 161 Ala. 250, 40 So. 41; Southern Railway Co. v. McEntire, 169 Ala. 42, 53 So. 158, 159; Birmingham Ry., Light & Power Co. v. Littleton, 201 Ala. 141, 77 So. 565; Berry v. Wooddy, 16 Ala.App. 348, 77 So. 942 (certiorari denied 201 Ala. 698, 78 So. 988); 5A C.J.S. Appeal & Error § 1737 c(1); see also Western Union Telegraph Co. v. Holland, 11 Ala.App. 510, 66 So. 926 (misstatement of evidence by trial court).

Defendant insists that the jury's verdict is so excessive as to manifest such bias, passion, or prejudice that the trial court committed reversible error in overruling his motion for a new trial. A review of the evidence discloses that the defendant, driving his automobile, was traveling up Sand Mountain at a rate of speed of 50 to 60 miles per hour. He attempted to pass another automobile traveling in the same direction, in a "no-passing" zone [Tit. 36, § 58(7), Ala.Code, 1940, as amended] which zone was indicated by a yellow line on each side of a white center line; the yellow lines extended half a mile back in the direction from which the defendant was traveling. Plaintiff's intestate, driving his automobile, was traveling down the mountain and a collision occurred between his automobile and defendant's automobile while the automobile of plaintiff's intestate was on his right-hand half of the highway and while defendant's automobile was approximately one-half on the left side of the center line of the highway and one-half on the right side of the center line of the highway. Plaintiff's intestate was killed almost instantly.

■ Section 123 of Tit. 7, Ala.Code 1940 (Homicide Act) provides in part that a personal representative may maintain an action and "recover such damages as the jury may assess * * * for the wrongful act, omission, or negligence of any person * * * whereby the death of his testator or intestate was caused * * *." And we have thus stated the rule

"The damages are entirely punitive, imposed for the preservation of human life * * * the amount * * * rests largely in the discretion of the jury. However, this discretion is not an unbridled or arbitrary one, but 'a legal, sound and honest discretion.' * * *. In arriving at the amount of damages which should be assessed, the jury should give due regard to the enormity or not of the wrong and to the necessity of preventing similar wrongs. The punishment by way of damages is intended not alone to punish the wrongdoer, but as a deterrent to others similarly minded." Liberty National Life Ins. Co. v. Weldon, ante, p. 171, 1957, 100 So.2d 696, 713.

See also Mobile Electric Co. v. Fritz, 200 Ala. 692, 77 So. 235; City of Mobile v. Reeves, 249 Ala. 488, 31 So.2d 688; Louisville & N. R. Co. v. Phillips, 202 Ala. 502, 80 So. 790.

■ It is the conclusion of the court that the jury was justly authorized to find the highest degree of culpability. The amount of the judgment, although large, is not unprecedented. See Liberty National Life Ins. Co. v. Weldon, supra (judgment for $75,000 upheld under Homicide Act on simple negligence charge).

■ The action of the trial court in conditioning the granting of a new trial to the defendant upon the filing of a remittitur by the plaintiff is also urged as error. Courts do not favor the setting aside of verdicts if it can be justly avoided. " 'Remittiturs', * * * 'are favored * * *

in proper cases, for the promotion of justice and the ending of litigation.' " Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 635, 59 So. 273, 279. Where it is found that the jury's verdict is so excessive as to indicate that it resulted from passion, prejudice, or other improper motive, this court, recognizing and applying the above principle has ordered a new trial conditioned, however, upon the failure of the appellee to file a remittitur of a specified amount of damages. Waters v. Anthony, 256 Ala. 370, 54 So.2d 589; Brasfield v. Hood, 221 Ala. 240, 128 So. 433; Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873. See also Montgomery Traction Co. v. Knabe, 158 Ala. 458, 48 So. 501 (action of trial court in reducing the verdict; affirmed); Atlantic Coast Line R. R. Co. v. Barnes, 261 Ala. 496, 75 So.2d 91 (remittitur ordered by trial court; affirmed).

■ Likewise, where as here the trial court has ordered a remittitur of a specified amount and has refused to grant a new trial, a favorable presumption as to the correctness thereof is indulged by this court. Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633. And whether this court should further reduce the verdict or set the verdict aside involves a review of trial court's judgment based upon his observation of all the witnesses who testified in the case and other incidents of the trial which cannot be reflected in the transcript and which are not available for observation by us. Luquire Funeral Home Ins. Co. v. Turner, 235 Ala. 305, 178 So. 536; Birmingham Elec. Co. v. Howard, 250 Ala. 421, 34 So.2d 830; Moore v. Cooke, 264 Ala. 97, 84 So.2d 748.

■ On a studious consideration of the entire record in the light of the above guiding principles, and remembering that the authority vested in the courts to disturb the verdict of the jury on the ground of excessive damages is one which should be exercised with great caution, we are constrained to hold that a further reduction of the verdict or the granting of a new trial on the ground that the amount awarded is so excessive as to indicate bias, passion, or prejudice, would be unwarranted. See Montgomery Traction Co. v. Knabe, supra; Birmingham Electric Co. v. Thompson, supra.

■ The rule is further exposited that where, as here, there is no standard for the admeasurement of the damages and the damages to be awarded are left to the sound discretion of the jury a remittitur or a new trial should not be ordered on the ground of excessiveness of the jury's verdict except in those cases where the court can clearly see that the verdict or amount has been induced or reached on account of bias, passion, prejudice, corruption or other improper motive or cause. It is not to be done merely because in the opinion of the court the jury gave too much. Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A.1915F, 491; Louisville & N. R. R. Co. v. Williams, 183 Ala. 138, 62 So. 679; Mobile Elec. Co. v. Fritz, supra; National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698; Louisville & N. R. R. Co. v. Phillips, supra; International Union, etc., v. Russell, 264 Ala. 456, 88 So.2d 175. See also Veitch v. Southern Ry. Co., 220 Ala. 436, 126 So. 845; Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858.

As stated, under the Homicide Statute, the amount of the verdict and the severity of the punishment are graded according to the degree of culpability (Mobile Elec. Co. v. Fritz, supra, and authorities, supra) and in this case we do not think we would be authorized in ruling that the amount to which the judgment has been reduced should be further reduced.

Affirmed.

LAWSON, MERRILL and COLEMAN, JJ., concur.