216 So.2d 181

**J. T. WILLIAMS et al.**

v.

**Chester Earl WILLIAMS pro aml.**

**I Div. 493.**

Supreme Court of Alabama.

Nov. 21, 1968.

Lee B. Williams, Grove Hill, for appellants.

Wyman O. Gilmore, Grove Hill, for appellee.

HARWOOD, Justice.

In the trial below the plaintiff claimed damages for injuries resulting from a collision between an automobile driven by the plaintiff and a truck driven by Leroy Carstarphen, the agent of J. T. Williams. The complaint consisted of one count in simple negligence and claimed damages of $10,000.

The collision occurred on a public road in Clarke County when the plaintiff struck the truck as it was being backed down the road. Plaintiff's evidence tended to show that the truck had no lights on its rear at the time the plaintiff drove into it.

The jury returned a verdict in favor of the plaintiff and assessed his damages at $5,500. Judgment was entered pursuant to the verdict and the defendants' motion for a new trial being overruled, appeal was perfected to this court.

The only point raised on the appeal is that the court erred in overruling the defendants' motion for a new trial on the grounds that the damages awarded were excessive.

In the trial below the evidence established that the plaintiff had incurred hospital charges of $135.00, $20.00 in doctor's bills, and $50.00 for two weeks' loss of wages, for a total of special damages in the amount of $205.00. Thus, $5,295.00 of the $5,500.00 in damages awarded to the plaintiff must be attributed to damages for pain and suffering.

In this connection the plaintiff testified that immediately after the accident he had sharp and severe pains in his chest as a re-

sult of his being thrown against the steering wheel of the automobile he was driving. He also had minor cuts about his face and head. He was taken to the office of Dr. Jack Dozier who sent him to the Grove Hill Municipal Hospital. He remained in the hospital two or three days and spent the rest of the week in bed at his home. He wore a chest binding thereafter for about four weeks. Plaintiff returned to school a week after the accident.

Prior to the injury the plaintiff was employed in a store as a handyman working after school hours and on Saturdays. For this work he received a salary of $25.00 per week.

Two weeks after the accident the plaintiff returned to his work at the same salary. However, the plaintiff testified that upon his return to his job he was limited as to the work he could do in that he could not lift any heavy objects for about a month, and that at the time of the trial he was still restricted as to lifting certain heavy objects.

Plaintiff further testified that his chest injury still "bothers" him and interferes with his breathing, but "not as often as it used to." Prior to the accident he infrequently had a cold, but since the accident he has suffered from colds continuously and has taken penicillin shots therefor. He had seen Dr. Dozier, his physician, ten or fifteen times since the accident, sometimes for pain in his chest and sometimes for colds.

Dr. Dozier testified that he first saw the plaintiff at his office and then had him admitted to the hospital. The plaintiff complained of pain in his chest and head and gave a history of having been in an automobile accident. There were cuts and bruises about his face and head which were treated by applying merthiolate. X-rays of the skull were negative as were X-rays of the chest. From plaintiff's symptoms and pain, it was Dr. Dozier's opinion that the plaintiff had suffered a cartilaginous injury to his chest, that is, a

tearing or bruising of the cartilage connecting the ribs and the sternum.

Dr. Dozier testified that such injury can cause severe pain, and is slow in healing because of the lack of blood supply in the cartilage. From such an injury one could have a great deal of pain for the first few weeks, and some pain for several months thereafter. The plaintiff could still be suffering pain from his injury as of the time of the trial.

Dr. Dozier put a chest binding on the plaintiff to immobilize the chest and instructed the plaintiff to wear the binding for four or five weeks. He ordered the plaintiff not to participate in sports in school for that year, though in the year following the plaintiff would possibly be all right.

Dr. Dozier had seen the plaintiff several times since his injury, the last time being a week before the trial. At this time he prescribed tranquilizers. We note here that the plaintiff did not have this prescription filled as the pain seemed to be "going away."

A small lump on the plaintiff's chest caused by the injury possibly will remain, though Dr. Dozier testified he "just did not remember" any lump, and did not know whether it is there now or not. Dr. Dozier testified that to the best of his recollection, he not having his office notes with him, he had treated the plaintiff for colds before the accident as well as after the accident, and he did not believe the chest injury would have any direct effect on colds.

There was no evidence tending to contradict the testimony of the plaintiff or of Dr. Dozier concerning the plaintiff's injuries and pain and suffering other than the fact that the plaintiff returned to school within a week of the accident, and to his job some two weeks after his injury, at the same wages he had received prior to his injuries.

The defendants' testimony in the trial below was directed largely toward an at-

tempt to establish contributory negligence on the part of the plaintiff. This question, of course, is not before us on the error assigned, i. e., the excessiveness of the damages awarded.

In considering the adequacy or excessiveness of the damages awarded by verdict and judgment, there can be no ironclad rule, and each case is to be determined by its own facts. Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611

The amount of damages awarded in the verdict and judgment, in the light of the facts disclosed by the evidence, often furnishes the determining data. Sturdivant v. Crawford et al., 240 Ala. 383, 199 So. 537. Where a court concludes that damages are inadequate, or excessive, it is not necessary that it declare what may have induced a wrongful award in the amount of damages assessed.

In conference, we have carefully considered the evidence touching the extent and nature of the plaintiff's injuries, and the various principles governing our review of the question presented.

We have concluded that the damages awarded are excessive to the amount of $1650.00.

Unless the plaintiff (appellee) files a remittitur in this amount within thirty days from this date, the judgment will be reversed and the cause remanded.

If such remittitur be filed, reducing the judgment to $3850.00, a judgment of affirmance will be here entered as provided in Section 811, Title 7, Code of Alabama 1940.

If such remittitur is duly filed, the judgment for $3850.00, with interest from 9 March 1967, the date of the judgment will stand affirmed. The ten percent penalty is not to be assessed, and the appellee will be taxed with the costs of this appeal, and the costs taxed against defendant in the court below will stand. Louisville & Nashville R. Co. v. Grizzard, 238 Ala. 49, at p. 62, 189 So. 203, and authorities cited therein.

Affirmed conditionally.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.