314 So.2d 867

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY**

**v.**

**Everett B. DOLLAR.**

**SC 770.**

Supreme Court of Alabama.

May 22, 1975.

Rehearing Denied July 10, 1975.

Henry E. Simpson, Birmingham, for appellant.

Timothy M. Conway Jr., and Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

EMBRY, Justice.

This is an appeal by Louisville and Nashville Railroad Company (hereafter L

& N) from a judgment on jury verdict in favor of plaintiff, Everett Dollar (hereafter Dollar), in the amount of $17,500. The action was brought under the Federal Employers' Liability Act, 45 U.S.C., § 51.

In his oral charge to the jury the learned trial judge aptly summarized the claim of plaintiff as to the liability of defendant to him:

"Now, the Plaintiff in this action claims that he sustained an injury or damages as a proximate result in whole or part of negligence of the Defendant in negligently failing to provide and prescribe a reasonably safe method to sand its engines, its diesel engines, while on which the Plaintiff says that he sustained an injury or damages.

"In addition to that, the Plaintiff also states his claim and in a different manner that the Plaintiff sustained injuries or damages proximately resulting in whole or in part of the negligence of the Defendant in negligently failing to provide adequate manpower to perform the duties the Plaintiff was engaged in at the time the Plaintiff says that he sustained an injury and damages. * * *"

In light of the assignments of error and contentions of defendant on appeal it may be helpful to remember a provision of § 51, Tit. 45, U.S.C., which distinguishes actions brought under it from the usual negligence action. We find it expressed in this phrase:

"* * * for such injury or death resulting in whole *or in part* from the negligence of any of the officers, agents, or employees of such carrier * * *" (emphasis added)

Dollar was injured while manually sanding a railroad engine. The process of manual sanding involves carrying bags of sand to the engine. The bags are then lifted in one continuous motion to the top of the engine. The sand is placed in compartments on top of and at each end of the engine and is used to give the engine wheels traction in wet weather and for emergency stops. Dollar testified that as he was lifting a bag with force sufficient to throw or push it to the top of the engine, he felt a snap in his lower neck and upper back.

The questions presented for review by the twenty-three assignments of error may be summarized as follows:

(1) Was the verdict of $17,500 excessive?

(2) Did the trial court err in refusing to charge the jury that they could not award the plaintiff damages for a permanent injury?

(3) Did the trial court err in dealing with the issue of foreseeability of injury?

I

▮▮▮ Appellant, L & N contends that the $17,500 verdict was excessive. It cites *Williams* v. *Williams,* 283 Ala. 292, 216 So.2d 181 to support this contention. There this court found a $5,500 verdict excessive and ordered a remittitur. However, in *Williams* this court reiterated the rule applicable to the determination of adequacy or excessiveness of damages:

"In considering the adequacy or excessiveness of the damages awarded by verdict and judgment, there can be no ironclad rule, and each case is to be determined by its own facts. * * *"

The standards applicable to review excessiveness of damages by the courts have oft been stated. To set aside the verdict of a jury on the ground of excessiveness of damages, it is required that the amount of such verdict be the result of passion, prejudice, partiality or corruption on the part of the jury. In the record there is sufficient evidence to support that verdict. The trial judge refused to set it aside after he heard the evidence and saw the plaintiff before him. We do not find it excessive.

*Central of Georgia Railway Co.* v. *Phillips,* 286 Ala. 365, 240 So.2d 118; *Shepherd* v. *Southern Railway Co.,* 288 Ala. 50, 256 So.2d 883.

## II

■ L & N contends it was reversible error to refuse a requested written charge instructing the jury they could not base any award of damages on a permanent injury. L & N claims the "size of the verdict indicates that the jury might well have accepted the unsupported claim of a permanent injury despite the medical evidence to the contrary."

We note the trial judge stated in the presence of the jury, "I don't think there's any testimony the man has permanent injury." We also note there was testimony from Dollar's chiropractor that the injury might *possibly* result in some permanent impairment. By requesting the charge L & N contends that award of damages based upon possibility of permanent injury should have been removed from the jury's consideration. However

"* * * Courts sometimes misapply the Opinion rule to enforce the doctrine of Torts that a recovery for future *personal injuries* must include only the certain or fairly *probable,* but not the merely *possible,* consequences; so that the judge instead of covering the subject by an instruction to the jury as to the measure of recovery, excludes from evidence a physician's opinion expressed in terms of possibility only. This attempt to control the course of expert testimony is of course unreasonable in itself. * * *" Wigmore on Evidence, Third Edition, Vol. VII, § 1976

There was testimony by a physician that Dollar sustained no permanent injury. Also the trial court instructed the jury:

"Now, there has been some testimony in the case about the injuries of the Plaintiff as to the extent of his injuries and so forth. Well, of course, it's for you to determine the extent of his injuries and so forth. If you are reasonably satisfied from the evidence that the Plaintiff will suffer pain in the future, then you will be, of course, entitled to consider that and include in your verdict such sum as you determine would be reasonable and fair compensation for such future pain and suffering.

"Now, your verdict cannot be based upon surmise, guesswork or speculation, but it must be reasonably certain from the evidence as to all of the items of the damages claimed in the complaint."

This instruction fairly covers the measure of recovery to be applied by the jury based on their view of the evidence. It specifically *eliminates from their consideration any possible,* but properly leaves to their consideration, probable (reasonably certain) injury. Refusal to give the charge requested was not error.

## III

We start with the premise that

"Since the Act [FELA] explicitly makes an employer liable if an injury results only in part from his negligence, the common-law proximate cause standard is modified, and the employee has a less demanding burden, of proving causal relationship. ·* * * However, the plaintiff still has the burden of proving a hazardous condition * * * and that the employer, with the exercise of due care, could have reasonably foreseen that a particular condition could cause injury; foreseeability is 'an essential ingredient' of negligence under the Act. * * * But actual notice of an unsafe condition is unnecessary. Constructive notice may suffice. * * *" *Nivens* v. *St. Louis Southwestern Railway Co.,* 425 F.2d 114 (5th Cir. 1970).

■ L & N says the trial court erred when it failed to charge the jury that their

verdict must be for L & N if it was not reasonably foreseeable that Dollar would be injured. To support this, L & N relies on *Gallick* v. *Baltimore & Ohio Railroad Co.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618. *Gallick* and *Nivens* do stand for the proposition that foreseeability of injury is an ingredient of negligence in FELA cases. Stated otherwise, *Gallick* and *Nivens* require, in FELA cases, that the employee prove the employer negligent. But we do not read *Gallick* to require the charge requested. In *Gallick* the court said:

> "* * * The jury had been instructed that negligence is the failure to observe that degree of care which people of ordinary prudence and sagacity would use under the same or similar circumstances; and that defendant's duty was measured by what a reasonably prudent person would anticipate as resulting from a particular condition—'defendant's duties are measured by what is reasonably foreseeable under like circumstances' * * *"

The Supreme Court thus properly defined negligence and admeasurement of the duty of the defendant in terms of acts or omissions of the reasonably prudent person under like circumstances. Such definition and admeasurement of duty encompasses the elements of foreseeability without the use of the *words* "anticipate" or "foreseeable." This is also true of the following oral charge, given by the trial court in this case:

> "* * * Well, negligence is simply the failure to use due care under the circumstances. Now, the law says a person is negligent if he does something that a reasonable prudent person would not ordinarily do under the same or similar circumstances, or that a person is negligent if he fails to do that which a reasonable prudent person would do under the same or similar circumstances. So, I would say to you in this case that the gist of this case really is a question of negligence. If there's no negligence,

then, of course, the Plaintiff would have no right to recover. * * *"

Since the court's oral charge adequately covered the matters contained in the requested charge, there was no error in refusing the charge. *Gilmore Industries, Inc.* v. *Ridge Instrument Co.*, 288 Ala. 127, 258 So.2d 55; ARCP 51.

L & N also contends it was error for the trial court to refuse the following written charge:

> "9. The Court charges you that it is not negligence on the part of any employer to allow an employee to exert himself to his full physical capacity."

Assuming this states a correct proposition of law, the trial court did not err in refusing it. We will not reverse for refusal to give a written charge which does not instruct the jury of its relation to the issues being litigated. *Bagley* v. *Grime*, 283 Ala. 688, 220 So.2d 876. The issues in this case were whether defendant negligently failed to provide a reasonably safe method of sanding engines or negligently failed to provide adequate manpower to perform duties required of plaintiff. At best, the requested charge may possibly relate to the latter issue. There is, however, no indication of *how* the charge relates to that issue; it is merely an abstract legal principle. We also note there was evidence before the jury from which they could properly conclude that the practice of lifting the sandbags was dangerous as well as evidence that defendant railroad had agreed to reduce the weight of the sandbags, but had failed to carry out that agreement.

We have carefully reviewed the other assignments of error and find no fault with the trial court's rulings. The judgment is affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.