Like Justice Houston, I am also persuaded that the trial court, within the time allowed by Court rule, granted a new trial in this case. Rule 59.1, Ala.R.Civ.P., provides that a motion for a new trial must be ruled upon within 90 days or else it will be deemed denied.
In this case, the record shows that the trial court entered this order within 90 days after the motion was filed:
 "It is hereby ordered, adjudged and decreed by this Court that the Motion for New Trial is denied. Judgment of the jury is remitted to ($125,000) One Hundred Twenty-Five Thousand Dollars. If the Plaintiff refuses to accept the remittance a new trial will be ordered."
Five days after this order was entered, the plaintiff objected to the remittitur; and seven days later (97 days after the filing of the motion), the trial judge set aside the verdict and ordered a new trial. In view of these facts, it seems clear to me that the trial court's order on the motion was entered within the time allowed, specifically, that it was entered 85 days after the motion was filed. The order provided the plaintiff with an option of accepting the remittitur, but also stated that a refusal to accept would result in a new trial. It was at this point that the motion was disposed of; this order was well within the 90 days allowed by Rule 59.1. The fact that the trial court gave the plaintiff an opportunity to accept a remittitur or have a new trial ordered in no way changes the fact that the court disposed of the motion within the time allowed by Rule 59.1.
Rule 59(f) provides that the trial court "may, on motion for new trial, require a remittitur as a condition to the overruling of the motion for new trial." Rules 59 and 59.1, like all other Rules of Civil Procedure, should be construed in light of Rule 1(c), which states that "[t]hese rules shall be construed to secure the just, speedy and inexpensive determination of every action."
Remittitur practice in Alabama has not been without confusion. In regard to remittitur, I wrote for the Court, inGeneral Motors Corp. v. Edwards, 482 So.2d 1176 (Ala. 1985):
 "Remittitur has been recognized in Alabama for many years as a legitimate device to end litigation. Rule 59(f), Ala.R.Civ.P., promulgated by this Court, expressly provides that '[t]he [trial] court may, on motion for new trial, require a remittitur as a condition to the overruling of the motion for new trial . . .,' but provides that 'the acceptance of [the] remittitur by the plaintiff shall not prejudice his right to raise, on appeal by the defendant, his right to have the verdict reinstated in its full amount.' This Court is also independently authorized to require remittitur in an appropriate case. Code 1975, § 12-22-71, provides:
 " 'When an appeal is taken to the appropriate appellate court from the judgment of any court and the appellate court shall be of the opinion that the *Page 240 
case should be reversed because the judgment of the lower court is excessive and that there is no other ground of reversal, the appellate court shall notify the appellee of the amount which it deems in excess of the just and proper amount of recovery and require the appellee, within a time to be stated in said notice, to remit such amount upon penalty of a reversal of the case. If the appellee does not, within the time stated in such notice or within such further time as may be granted by the court for good reason file a remittitur of such excessive amount, the appellate court shall reverse and remand the case; but, if the appellee shall file with the court a remittitur of the amount deemed excessive by the court, the appellate court shall reduce the amount of the judgment accordingly and shall affirm the case and enter a judgment for such reduced amount, which judgment so entered shall be and remain the judgment of the lower court and shall date back to the time of the entry or rendition of the judgment in the lower court.'
 "In various cases, this Court has generally followed the principle that a trial court is accorded a large measure of discretion in determining whether to grant a remittitur. Todd v. United Steelworkers of America, 441 So.2d 889, 892
(Ala. 1983). We have also generally held that when a trial court exercises its discretion to order a remittitur, its decision is presumed correct and will not be reversed on appeal absent evidence of an abuse of discretion. Id.
 "Illustrative of the action this Court has taken in cases involving claims of excessive judgments, are the following:
 "The trial court ordered remittitur, and this Court affirmed: Todd v. United Steelworkers of America, AFL-CIO, 441 So.2d 889 (Ala. 1983); Winchester v. McCulloch Brothers Garage, Inc., 388 So.2d 927 (Ala. 1980); International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala. 1977); Stead v. Blue Cross-Blue Shield of Alabama, 346 So.2d 1140 (Ala. 1977); Taylor v. Birmingham News Co., 341 So.2d 689 (Ala. 1977); Holcombe v. Whitaker, 294 Ala. 430, 318 So.2d 289 (1975).
 "The trial court ordered remittitur and this Court reversed: Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d 809 (Ala. 1980); B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979); Alabama Farm Bureau Mutual Casualty Insurance Co. v. Guthrie, 338 So.2d 1276 (Ala. 1976).
 "The trial court refused to grant remittitur and this Court affirmed: American Pioneer Life Insurance Co. v. Sandlin, 470 So.2d 657 (Ala. 1985); White v. Fridge, 461 So.2d 793
(Ala. 1984).
 "The trial court refused to grant remittitur and this Court reversed: Coca-Cola Bottling Co., Montgomery v. Parker, 451 So.2d 786 (Ala. 1984); Gulf Atlantic Life Insurance Co. v. Barnes, 405 So.2d 916 (Ala. 1981); General Electric Credit Corp. v. Alford Associates, Inc., 374 So.2d 1316
(Ala. 1979); San-Ann Service Inc. v. Bedingfield, 293 Ala. 469, 305 So.2d 374 (1974); Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968).
 "As can readily be seen by a review of these cases, this Court has not yet adopted specific standards for courts to apply in granting or denying remittitur. We believe that the time has come for this Court to study the remittitur practice in Alabama, and to adopt a rule or rules of practice which would ensure the protection of the jury system and the parties' right to a jury trial, but which would also protect the public's interest in decreased court costs and a speedy and just determination of every case upon the merits. We do not adopt those standards in this case, because to do so would effect a major change in current remittitur practice, and such a major change should be adopted only after adequate notice and deliberate study by the full Court.
 "The Court considered the possibility of remanding this cause to the trial court, with directions, to require the trial judge to state what may have induced the verdicts which he found to be excessive, but we are convinced that present law does not require that the trial judge state any reasons *Page 241 
why he granted remittitur. In Williams v. Williams, 283 Ala. 292, 295, 216 So.2d 181, 183 (1968), this Court held:
 " 'The amount of damages awarded in the verdict and judgment, in the light of the facts disclosed by the evidence, often furnishes the determining data. Sturdivant v. Crawford et al., 240 Ala. 383, 199 So. 537. Where a court concludes that damages are inadequate, or excessive, it is not necessary that it declare what may have induced a wrongful award in the amount of damages assessed.'
 ". . . This Court has long recognized that appellate review of remittitur 'involves a review of [the] trial court's judgment based upon [the trial judge's] observation of all the witnesses who testified in the case and other incidents of the trial which cannot be reflected in the transcript and which are not available for observation by us.' Airheart v. Green, 267 Ala. 689, 693, 104 So.2d 687, 690 (1958).
 "In Airheart, this Court did conclude that in a case involving our homicide statute, as this case does, 'the amount of the verdict and the severity of the punishment are graded according to the degree of culpability. . . .' 267 Ala. at 693, 104 So.2d at 691. The trial judge very well may have applied the Airheart rule in this case.
 "For an excellent discussion of the subject of remittitur in Alabama, see Commentary, Remittitur Practice in Alabama, 34 Ala.L.Rev. 275 (1983)."
482 So.2d at 1198-1200.
Later, the Court was faced with an issue very similar to the one presented in this case. Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), presented an appeal and a cross appeal arising out of a trial court's order of a new trial, conditioned upon the plaintiff's refusal to accept a remittitur of compensatory damages. In Hammond, the Court adopted standards for trial courts to follow when requiring a remittitur of a jury verdict. In adopting such standards the Court stated:
 "The jury returned a verdict of $12,000. The trial court ordered a remittitur of all but $2,000 without an explanation for its arriving at this particular sum. Thus, we are again asked to review a trial court order which has reduced a jury verdict without any explanation of the criteria utilized in doing so. In General Motors Corp. v. Edwards, 482 So.2d 1176 (Ala. 1985), when similarly situated, a majority of the Court expressed its discomfort with deciding the propriety of trial court action without any established standards for the trial court's guidance and suggested that our Advisory Committee on Rules of Civil Procedure be called upon to suggest appropriate standards. Further deliberation has convinced us that the responsibility to adopt standards lies with this Court.
 "We begin by recognizing that the right to a trial by jury is a fundamental, constitutionally guaranteed right, Art. I, § 11, Const. of 1901, and, therefore, that a jury verdict may not be set aside unless the verdict is flawed, thereby losing its constitutional protection. It is only in those cases that a trial court, pursuant to A.R.Civ.P. 59(f), and this Court, pursuant to Code 1975, § 12-22-71, may interfere with a jury verdict. Insofar as damages are concerned, a jury verdict may be flawed in two ways. First, it may include or exclude a sum which is clearly recoverable or not as a matter of law, or which is totally unsupported by the evidence, where there is an exact standard or rule of law that makes the damages legally and mathematically ascertainable at a precise figure. In these situations, a trial court may, and should, reduce or increase the amount of the verdict to reflect the amount to which the parties are entitled as a matter of law. Second, a jury verdict may be flawed because it results, not from the evidence and applicable law, but from bias, passion, prejudice, corruption, or other improper motive. It is this category of cases that most troubles both trial and appellate courts.
 "The cases have consistently held that in deciding whether a jury verdict is excessive because it is the result of passion, bias, corruption, or other improper motive, a trial judge may not substitute his judgment for that of the jury. B M Homes, Inc. v. Hogan, 376 So.2d 667
(Ala. 1979); Vest v. Gay, 275 Ala. 286, 154 So.2d 297 *Page 242 
(1963). We have also recognized that the trial judge is better positioned to decide whether the verdict is so flawed. He has the advantage of observing all of the parties to the trial — plaintiff and defendant and their respective attorneys, as well as the jury and its reaction to all of the others. There are many facets of a trial that can never be captured in a record, so that the appellate courts are at a special disadvantage when they are called upon to review trial court action in this sensitive area, although increasingly they are required to do so. Therefore, it is not only appropriate, but indeed our duty, to require the trial courts to reflect in the record the reasons for interfering with a jury verdict, or refusing to do so, on grounds of excessiveness of the damages.
 "Our cases reflect a number of factors which are appropriate for the trial court's consideration: The culpability of the defendant's conduct, Ridout's-Brown Service, Inc. v. Holloway, 397 So.2d 125 (Ala. 1981); the desirability of discouraging others from similar conduct, Ford Motor Credit Co. v. Washington, 420 So.2d 14 (Ala. 1982); the impact upon the parties, Alabama Power Co. v. Hussey, 291 Ala. 586, 285 So.2d 92 (1973). These are by no means exclusive. Justice may well require consideration of other factors, such as the impact on innocent third parties. We make no attempt to enumerate all of the factors which may be considered by the trial court. We instead leave that to its sound discretion. We do emphasize, however, that only where the record establishes that the award is excessive or inadequate as a matter of law, or where it is established and reflected in the record that the verdict is based upon bias, passion, corruption, or other improper motive may a trial court order a new trial or remittitur. Only by requiring that a record be made can this Court adequately discharge its role of appellate review of trial court action in either granting or refusing to grant a new trial where remittitur is granted or denied.
 "In adopting this new procedure, we emphasize that no substantial rule of law is changed. A trial court may not conditionally reduce a jury verdict merely because it believes the verdict overcompensates the plaintiff; B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979); Vest v. Gay, 275 Ala. 286, 154 So.2d 297 (1963); nor may the trial court substitute its judgment for that of the jury. We also reaffirm those cases which hold that, in considering the adequacy or excessiveness of a verdict, there can be no ironclad rule, and each case must be determined by its own facts. Williams v. Williams, 283 Ala. 292, 216 So.2d 181 (1968).
 "We simply now require the trial courts to state for the record the factors considered in either granting or denying a motion for new trial based upon the alleged excessiveness or inadequacy of a jury verdict. We know of no other way by which this Court can discharge fairly its role of review."
493 So.2d at 1378-79.
The defendant alleges in its brief that some evidence introduced at trial indicated that the plaintiff had received some payment from other sources and that this evidence would support a remittitur or, in the alternative, a new trial. However, the trial court did not state any findings in the order to suggest why he granted the new trial or why it was conditioned on the acceptance of the remittitur.
Based on the foregoing, I cannot agree with the majority to reinstate the verdict. Because the record is silent as to the trial court's rationale for ordering the remittitur or new trial, I would remand this case for a Hammond hearing, so that this Court would have the benefit of a record containing the trial court's reasons for the ordering the remittitur. Only then could this Court properly decide whether the remittitur was appropriate or whether the jury verdict should be reinstated.
Thus, I must respectfully dissent from the judgment entered on the direct appeal (1940661), but I concur with the majority as to the cross appeal (1940742).
HOOPER, C.J., concurs. *Page 243 
 On Application for Rehearing